**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* _____   Chapter   11

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Minerva Resources, LLC |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 86-1424164 |
| 4. | **Debtor's address** | **Principal place of business**<br>433 E Las Colinas Blvd., Suite 840<br>Irving, TX 75039<br>Number, Street, City, State & ZIP Code<br><br>Dallas<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

| Debtor | Minerva Resources, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   2111

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check **all** that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ■ No.
- ☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

Debtor   Minerva Resources, LLC                            Case number (*if known*)
         Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

Debtor: Cronus Mineral Holdings, LLC     Relationship: Affiliate
District: USBC - Southern District of Texas     When: ____     Case number, if known: ____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? ____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ____

**Where is the property?** ____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency ____
         Contact name ____
         Phone ____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
■ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | Minerva Resources, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor  Minerva Resources, LLC
      Name

Case number (*if known*)

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  8/10/2022
             MM / DD / YYYY

X  /s/ Drew McManigle
Signature of authorized representative of debtor

Drew McManigle
Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

X  /s/ Joshua W. Wolfshohl
Signature of attorney for debtor

Date  08/10/2022
     MM / DD / YYYY

Joshua W. Wolfshohl
Printed name

Porter Hedges LLP
Firm name

1000 Main Street, 36th Floor
Houston, TX 77002
Number, Street, City, State & ZIP Code

Contact phone  (713) 226-6000    Email address  jwolfshohl@porterhedges.com

24038592 TX
Bar number and State

# MINERVA RESOURCES, LLC

*Written Consent of the Manager and the Requisite Voting Member*

August 10, 2022

The undersigned, being the Manager and the sole Voting Member holding the requisite number of Voting Units to constitute Majority Approval (as defined in the Company Agreement) (the "***Requisite Voting Member***") of Minerva Resources, LLC, a Texas limited liability company (the "***Company***"), hereby approve, consent to, and adopt the following recitals and resolutions, and the actions authorized in such recitals and resolutions, as the act of the Manager and Voting Members by written consent as of the date set forth above.

### *Proper Officers*

NOW, THEREFORE, BE IT RESOLVED, that for purposes of these resolutions, the term "***Proper Officers***" shall mean any one or all of the Company's Chief Executive Officer, Chief Restructuring Officer, Chief Financial Officer, Treasurer and any Vice President, and solely for the purposes of attesting to, or certifying the authenticity of signatures, documents, instruments or agreements, the Secretary or any Assistant Secretary of the Company.

### *Appointment of Chief Restructuring Officer*

WHEREAS, the Manager and the Requisite Voting Member have determined it to be advisable and in the best interest of the Company to appoint a Chief Restructuring Officer of the Company.

NOW, THEREFORE, BE IT RESOLVED, Drew McManigle is hereby appointed as the Chief Restructuring Officer of the Company and shall hold such officer position until his successor is chosen and qualified or until his earlier resignation or removal.

### *Filing of Bankruptcy Petition*

WHEREAS, pursuant to the First Amended and Restated Limited Liability Company Agreement of the Company dated effective as of January 1, 2021, as amended (the "***Company Agreement***"), the Manager has exclusive and complete authority and discretion to manage the operation and affairs of the Company and to make all decisions regarding the business of the Company, subject to Majority Approval by Voting Members for certain actions;

WHEREAS, the Manager and the Requisite Voting Member, acting pursuant to the laws of the State of Texas, have considered the financial and operational aspects of the Company's business;

WHEREAS, the Manager and the Requisite Voting Member have reviewed the historical performance of the Company and the current and long-term liabilities of the Company; and

WHEREAS, the Manager and the Requisite Voting Member have analyzed each of the strategic alternatives available to the Company.

13515877.v2

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Manager and the Requisite Voting Member, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties that a petition be filed by the Company seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**");

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that such Proper Officer deems necessary, desirable and proper in connection with the Company's Chapter 11 case, with a view to the successful prosecution of such case;

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that such Proper Officer deems necessary, desirable and proper in connection with Chapter 11 case of a subsidiary of the Company, with a view to the successful prosecution of such case;

RESOLVED FURTHER, that the Proper Officers, on behalf of the Company, are authorized, empowered and directed to retain MACCO Restructuring Group, LLC ("**MACCO**") as financial advisor to represent and assist the Company in carrying out its duties under Chapter 11 of the Bankruptcy Code, to provide the Chief Restructuring Officer of the Company, and to take any and all actions to advance the Company's rights in connection therewith, and the Proper Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of MACCO;

RESOLVED FURTHER, that the Proper Officers, on behalf of the Company, are authorized, empowered and directed to retain the law firm of Porter Hedges LLP ("**PH**") as bankruptcy counsel to represent and assist the Company in carrying out its duties under Chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Proper Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PH;

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, such Proper Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized and empowered to obtain post-petition financing according to terms which may be

negotiated by the management of the Company, including under debtor-in-possession credit facilities or the use of cash collateral; and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, such Proper Officer is hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents;

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by such Proper Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful Chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of a Chapter 11 plan and related disclosure statement; and

RESOLVED FURTHER, that any and all actions heretofore taken by the Proper Officers or the Board in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

*General*

RESOLVED FURTHER, that all acts and deeds heretofore done or actions taken by the Board or any officer or agent of the Company for and on behalf of the Company in entering into, executing, acknowledging or attesting any arrangements, agreements, instruments, or documents in carrying out the terms and intentions of the foregoing preambles and resolutions be and each of them hereby are ratified, approved, and confirmed in all respects as the acts and deeds of the Company;

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized, directed, and empowered, in the name and on behalf of the Company, to take further action as he may deem necessary or advisable in connection with the above-referenced transactions, including execution of any document necessary to complete the above-referenced transactions; and

RESOLVED FURTHER, that the Proper Officers be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Company, to execute and deliver or cause to be executed and delivered any and all other agreements, certificates, reports, applications, notices, letters or other documents (including all instruments contemplated by any of the above documents), and to do or cause to be done any and all further acts as such Proper Officer shall deem necessary, appropriate or desirable to comply with the applicable laws and regulations of any jurisdiction (domestic or foreign) or otherwise permit the Company to fully and promptly carry out the purposes and intent of the foregoing preambles and resolutions and to consummate the transactions contemplated thereby, and any such action taken or any agreement, amendment, certificate, report, application, notice, letter or other document executed and

delivered by them or any of them in connection with any such action shall be conclusive evidence of their or his or her authority to take, execute and deliver the same.

[*Signature page follows*]

4

13515877.v2

IN WITNESS WHEREOF, the undersigned, being the Manager and the Requisite Voting Member, hereby executes this written consent effective as of the date first set forth above.

**MANAGER:**

**MINERVA RESOURCES MANAGEMENT, LLC**

By: *Pablo Cortez*
Name: Pablo Cortez
Title: Manager

**REQUISITE VOTING MEMBER:**

**MINERVA RESOURCES MANAGEMENT, LLC**

By: *Pablo Cortez*
Name: Pablo Cortez
Title: Manager