**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| **In re:** | § Chapter 11 |
|  | § |
| **MINERVA RESOURCES, LLC;** | § Case No. 22-32291 |
| **CRONUS MINERAL HOLDINGS, LLC,** | § |
|  | § (Jointly Administered) |
| Debtors.[1] | § |

**DEBTORS' EXPEDITED MOTION FOR APPROVAL OF SALE BY PUBLIC ONLINE SEALED BID AUCTION OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES UNDER 11 U.S.C. § 363(F)**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED Y BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **RELIEF IS REQUESTED NO LATER THAN SEPTEMBER 6, 2022.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Minerva Resources, LLC (4164), and Cronus Mineral Holdings, LLC (3039).

Minerva Resources, LLC ("Minerva") and Cronus Mineral Holdings, LLC ("Cronus"), as debtors and debtors in possession in the above-captioned cases (the "Debtors"), file this Expedited Motion for Approval of Sale by Public Online Sealed Bid Auction of Assets Free and Clear of Liens, Claims, Interests and Encumbrances Under 11 U.S.C. § 363(f) (the "Motion").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## EXPEDITED CONSIDERATION

2. Pursuant to Bankruptcy Local Rule 9013-1(i) and Bankruptcy Rule 6003, the Debtors request expedited consideration of this Motion. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." FED. R. BANKR. P. 6003. The Debtors seek to sell their assets in a forum that maximizes their value without being hindered by ongoing state court litigation or the inability to generate revenue from those assets while such litigation is ongoing. Concurrent with this Motion, the Debtors have filed an application to approve the retention of EnergyNet as their sale broker. All parties in interest should be aligned in seeking to minimize the amount of time and related expenses needed to liquidate the Debtors' assets. Since engaging EnergyNet on August 8, 2022, the Debtors have been populating a data room and providing requested information to EnergyNet. That process should be complete by no later than August 29, 2022, and EnergyNet anticipates beginning its marketing process no later than September 8, 2022 with bids due by October 6, 2022. Any delay between completing the data room and obtaining approval of a sale process will cause an unnecessary delay in liquidating the Debtors' assets. Accordingly, the

Debtors submit that they have satisfied the "immediate and irreparable harm" standard. The Debtors respectfully request that the Court approve the relief requested in this Motion on an expedited basis.

## BACKGROUND

3. On August 10, 2022 (the "Petition Date"), the Debtors commenced these cases by filing petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

4. The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. As of the filing of this Motion, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

6. Additional information regarding the Debtors and the Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of the Chapter 11 Cases, is set forth in the *Declaration of Drew McManigle in Support of Chapter 11 Petitions and First Day Pleadings*. [Dkt. No. 7].

## PROPOSED SALE

7. The Debtors own non-operated working interests and overriding royalty interests which they seek to liquidate through a public online sealed bid auction conducted by EnergyNet. The data room for the Debtors' assets should be completed no later than August 31, 2022. EnergyNet anticipates that it will begin marketing on or about September 8, 2022, and will set a deadline on or about October 6, 2022 for bids.

13552967.v1

8. The Debtors' assets are not subject to any consensual liens. All ad valorem tax liens will attach to the proceeds of the sale with the same validity, extent and priority that existed on the Petition Date. The Debtors shall satisfy any liens held by ad valorem taxing authorities within 45 days from the end of the auction.

9. Any party asserting a claim against the Debtors or an interest in the Debtors' property in the state court litigation that preceded these bankruptcy cases either (i) has an interest that is subject to a bona fide dispute, or (ii) could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. *See* 11 U.S.C. § 363(f)(4) and (5). Accordingly, the Debtors request that their assets be sold free and clear of all liens, claims, interests and encumbrances.

## LEGAL AUTHORITY AND ARGUMENT

10. The Debtors request that the Court approve the sale of the Debtors' assets free and clear of all liens, claim, and encumbrances. In evaluating such a sale, a court must balance the need for flexibility with the concerns of affected creditors. *In re Terrace Gardens Park P'ship*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989). The Court must also determine that creditors' lien rights are adequately protected and that the offered price is the highest price obtainable under the circumstances in the particular case. *Id.*; *In re Beker Indus. Corp.*, 63 B.R. 474, 477–78 (Bankr. S.D.N.Y. 1986). The Debtors believe that EnergyNet's proposed process for marketing the assets and conducting a public, online sealed bid auction will maximize the potential value of the Debtors' assets.

11. Secured parties' interests, if any, are being adequately protected because their liens, claims, interests, and encumbrances ("Encumbrances") shall attach to the sale proceeds. All parties with Encumbrances in the assets who do not object to the Motion are deemed to have

4

13552967.v1

consented pursuant to Section 363(f)(2). All parties with Encumbrances in the assets who object to this Motion and have not withdrawn their objections therein fall within one or more of the other subsections of Section 363(f) and are adequately protected by having their Encumbrances attach to the net proceeds of the sales with the same validity, enforceability, priority, force and effect that they now have as against the assets, subject to the rights, claims, defenses, and objections, if any, of the Debtors and all parties-in-interest with respect to such Encumbrances.

## CONCLUSION

WHEREFORE, the Debtors request the Court enter an order, substantially in the form attached hereto, granting this Motion and for such other and further relief as is just and proper.

Dated: August 24, 2022.

**PORTER HEDGES LLP**

By: */s/ Aaron J. Power*
Joshua W. Wolfshohl (TX 24038592)
Aaron J. Power (TX 24058058)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Fax: (713) 226-6248

**PROPOSED COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served on all parties in interest listed on the attached Service List by U.S. mail, first class, postage prepaid, on this the 24th day of August, 2022.

*/s/ Aaron J. Power*
Aaron J. Power

13552967.v1

SERVICE LIST

**U.S. FIRST CLASS MAIL**

2x5 Enterprises Limited Partnership
1504 Glenmeade Court
Keller, TX 76262

Ahmad, Zavitsanos, & Mensing, P.C.
1221 McKinney Street Ste 2500
Houston, TX 77010

Andrew Wilmot PV Energy LLC
4851 LBJ Freeway Suite 1150
Dallas, TX 75244

Centennial Resource Production LLC
1001 17th Street, suite 1800
Denver, CO 80202

CML Land Partnership CML Land Company LP
5709 Longhorn Ln
Midland, TX 79707

COG Operating LLC
PO Box 844857
Dallas, TX 75284-4857

ConocoPhillips
925 N. Eldridge Parkway
Houston, TX 77079

Cowboy Minerals, LLC
3800 N Lamar Blvd Ste. 300
Austin, TX 78701

Devon Energy
PO Box 842485
Dallas, TX 75284-2485

Diamondback E&P LLC
Department 96-0523
Oklahoma City, OK 73196-0523

DSD Energy Partners LLC
1150 N Kimball Ave., Ste 100
Southlake, TX 75063

Endeavor Energy Resources LP
P O Box 679478
Dallas, TX 75267-9478

Finance Technology Leverage LLC FTL
325 Sharon Park Dr 720
Menlo Park, CA 94025

GAILLE PLLC
5847 San Felipe Suite #1245
Houston, TX 77057

HomeBound Resources
403 E Las Colinas Blvd #840
Irving, TX 75039

Marathon Oil
5555 San Felipe St
Houston, TX 77056

Matador Resources Co
5400 Lyndon B Johnson Fwy Suite 1500
Dallas, TX 75240

Mercury Operating, LLC
433 E Las Colinas Blvd #840
Irving, TX 75039

Mercury Operating, LLC
6321 Campus Circle Dr. E
Irving, TX 75063

Minerva Resources Group, LLC
433 E Las Colinas Blvd, Ste 840
Irving, TX 75039

Moving Future, LLC
c/o Michael C. Sanders
Sanders LLP
PO Box 27932
Houston, TX 77227

Paradigm Energy, LLC
Christopher Charles
5306 Sherwood Drive
Midland, TX 79707

PetroRock Mineral Holdings LLC
433 E Las Colinas Blvd #840
Irving, TX 75039

PetroRock Mineral Holdings, LLC
6321 Campus Circle Drive E
Irving, TX 75063

Pioneer Natural Resources USA Inc
P O Box 840836
Dallas, TX 75284-0836

QEP Energy dba Diamondback E&P LLC
Department 96-0523
Oklahoma City, OK 73196-0523

Red Dirt Energy LLC
203 W Wall Street Suite 204
Midland, TX 79701

Scott Hume
6200 Blarwood Drive
Austin, TX 78745

SEA VIII Master Fund, LLC
4790 Caughlin Pkwy, 416
Reno, NV 89519

Stefan T. Toth
5942 Haley Way
Frisco, TX 75034

Strategic Energy Assets V, LLC
4790 Caughlin Pkwy, 416
Reno, NV 89519

Strategic Energy Assets VII, LLC
4790 Caughlin Pkwy, 416
Reno, NV 89519

Taryle Accounting CPA, PLLC
8700 E Vista Bonita Dr Ste 240
Scottsdale, AZ 85255

The 2x5, LLC
1504 Glenmeade Court
Roanoke, TX 76262

Thoroughbred Oil, LLC
3325 S Cherry St
Denver, CO 80222

Upside Solutions, LLC
c/o Michael C. Sanders
Sanders LLP
PO Box 27932
Houston, TX 77227

Wellbark Resources, LLC
PO Box 1987
Frisco, TX 75034

Wendover Land Services, LLC.
2911 Arrowhead Trail
Midland, TX 79705

Winston & Strawn LLP
800 Capitol Street, Ste 2400
Houston, TX 77002

Bareknuckle
348 Mill Street
1st Floor
Reno, NV 89501

Callisto Consulting
5814 Highgate Drive
Arlington, TX 76010

Dallas County Tax Office
John R. Ames, Tax Assessor/Collector
500 Elm Street, Records Building
Dallas, TX 75202

Demeter Resources LLC
433 E Las Colinas Blvd #840
Irving, TX 75039

13550231.v1

HomeBound Financial Group
c/o Stefan Toth
433 E Las Colinas Blvd, Ste 840
Irving, TX 75039

HomeBound Resources, LLC
Registered Agent, Phillip E. Cannatti
8330 LBJ Freeway, Suite B741
Dallas, TX 75243

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

LaRoche Petroleum Consultants, Ltd
2435 North Central Expressway, Ste. 1500
Richardson, TX 75080

Michael C. Sanders
SANDERS LLP
PO Box 27932
Houston, TX 77227

Minerva Resources Management, LLC
433 E Las Colinas Blvd #840
Irving, TX 75039

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard, Suite 3800
Dallas, TX 75201

Orion Land and Minerals Consulting, LLC
27817 Hinkley Dr.
Spring, TX 77386

PV Energy LLC Andrew Wilmot
4851 LBJ Freeway, Ste 1150
Dallas, TX 75244

Regions Energy LLC
PO Box 10971
Midland, TX 79702

Sarachek Law Firm
670 White Plains Road #PH
Scarsdale, NY 10583

SEA VIII Master Fund, LLC
120 Santa Barbara St., Suite C
Santa Barbara, CA 93101

Sean J. McCaffity
SOMMERMAN, MCCAFFITY, QUESADA & GEISLER, L.L.P.
3811 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219-4461

Strategic Energy Assets VII, LLC
120 Santa Barbara St., Suite C
Santa Barbara, CA 93101

Strategic Energy Assets VIII Referral Fund, LLC
120 Santa Barbara St., Suite C
Santa Barbara, CA 93101

Texas Attorney General's Office
Bankruptcy-Collections Division
PO Box 12548
Austin, TX 78711-2548

Texas Comptroller of Public Accounts
Revenue Accounting Division
Bankruptcy Section
P.O. Box 13528 Capitol Station
Austin, TX 78711

Texas Comptroller of Public Accounts
PO Box 149348
Austin, TX 78714-9348

US Attorney's Office
1000 Louisiana, Suite 2300
Houston, TX 77002

Matthew R. Burton
Morrison Sund PLLC
5125 County Road 101, Suite 200
Minnetonka, MN 55345

## ELECTRONIC MAIL

Dennis L. Roossien, Jr.
droossien@munsch.com
Julian Vasek
jvasek@munsch.com
Claire E. Carroll
ccarroll@munsch.com
Jay H. Ong
jong@munsch.com
John Cornwell
jcornwell@munsch.com

Sean J. McCaffity
SMcCaffity@textrial.com

Joseph E. Sarachek
joe@sarscheklawfirm.com
Zachary E. Mazur
zachary@sarscheklawfirm.com

Timothy C. Shelby
tshelby@azalaw.com
Sammy Ford IV
sford@azalaw.com

Michael C. Sanders
mcs@sandersfirm.law
eservice@sandersfirm.law

Matthew R. Burton
mburton@morrisonsund.com

13550231.v1